UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
SEP 1 9 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 06-168-02 (TFH) |
| | : | |
| ANDY ARANAS, | : | |
| | : | Plea Hearing Date: September 21, 2006 |
| Defendant. | : | UNSEALED |
| | : | UNDER SEAL |

### GOVERNMENT'S MOTION TO SEAL THE GOVERNMENT MOTION, CRIMINAL PLEA AGREEMENT AND OTHER PLEADINGS, RECORDS, PROCEEDINGS AND FILES AND TO DELAY ENTRY ON THE PUBLIC DOCKET OF THE FILING OF THIS MOTION TO SEAL

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this motion to seal defendants accompanying plea agreement, the defendant's Indictment, the defendant's pleadings and all proceedings in the defendant's case, including the instant motion to seal. In support of this motion, the government states as follows:

The defendant in this case will enter a plea of guilty to the defendant's Information charging felony narcotics violations. The sealing is necessary because the attached motion and the defendant's plea agreement and related pleadings contain sensitive information, and disclosure of which would not be in the interest of either the defendants or the Government.

As part of the defendant's plea agreement, the defendant has divulged certain sensitive information to the government. Accordingly, it is essential that any information concerning the defendant's having a pending case in this district, as well as the fact of the defendant's pleading guilty, be kept sealed for the time being.

Based on the nature of the ongoing criminal investigation, the government submits that public disclosure of the defendant's plea would likely compromise this ongoing criminal

**UNSEALED**

investigation by: (1) placing the personal safety of the cooperating defendant(s), undercover agents, other law enforcement officials and innocent third parties at substantial risk; (2) alerting potential targets of the investigation, thereby causing the cooperating defendant to be reluctant to continue the defendants's cooperation; (3) causing prospective witnesses, including the cooperating defendants, to be deterred from testifying or to be less likely to provide truthful testimony to the grand jury; and (4) causing potential witnesses and targets to destroy documents and other evidence. Each of these factors is particularly important in this instance because of this violent activity common to major narcotics violators in general and the defendant's former associates in particular.

It is common practice for individuals associated with drug organizations to check the public record in the Criminal Clerk's officer to ascertain whether the government has filed any pleadings under seal in cases against former associates. It is common knowledge to drug organizations operating in this city that the docketing if a motion to seal a plea agreement or the filing of sealed pleadings in a narcotics case signals the fact that the charged defendant has agreed to cooperate with law enforcement. Consequently, public notice of the filing of the sealed pleadings or proceedings, itself, is likely to compromise any ongoing criminal and grand jury investigation and present a substantial risk to the personal safety of cooperating individuals, undercover agents, other law enforcement officials taking part in the covert investigation, and, in some cases, innocent bystanders.

Accordingly, the government submits that these facts present an extraordinary situation and a compelling governmental interest which justify not only the sealing of the criminal information and all other pleadings, records, proceedings, and files in this case, but also a delay in the public docketing of the filing of these sealed pleadings and the accompanying order until: (1) the substantial risk to the personal safety of cooperating individuals; and (2) the government represents

that it can continue its criminal investigation without substantial risk that it would be jeopardized due to the public docketing of the fact that sealed pleading have been filed in this case. See Washington Post v. Robinson, 935 F.2d 282, 289 (D.C. Cir. 1991).

It is requested by the parties that Defendant's Information, plea agreement, and the Proffer of Evidence in this case signed by the parties be unsealed for the limited purpose for the Government to effect the forfeiture of the property described therein, that is for the purpose of supplying notice, to publish and to effectuate the final Consent Order of Forfeiture.

Defense counsel, Jerry Phillips, Esquire, has been advised of the contents of this motion and has informed the undersigned prosecutor of the defendant's support for this motion.

WHEREFORE, it is respectfully requested that this motion be granted.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
D.C. Bar No. 246-470

By: _____
MARTIN DEE CARPENTER
Assistant United States Attorney

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a copy of this pleading has been mailed, postage prepaid, this 18th day of September, 2006, to counsel for Defendant Aranas, Jerry Phillips, Esquire, Via first class mail, postage prepaid, and by facsimile to (703) 385-2745, Suite No. 100, 10513 Judicial Drive, Fairfax, Virginia 22030; Office No. (703) 691-4100, Mobile No. (703) 598-2338.

_____
MARTIN DEE CARPENTER, Bar No. 431-211
Assistant United States Attorney
Organized Crime & Narcotics Trafficking Section
555 4th Street, N.W., Room No. 4116
Washington, D.C. 20530
(202) 514-7063